THOMAS, Respondent, vs. CITY OF FORT PIERRE, Appellant.

(241 N. W. 327.)

(File No. 7077. Opinion filed March 7, 1932.)

*Martens & Goldsmith,* of Pierre, for Appellant.

*O'Keeffe & Stephens,* of Pierre, and *F. W. Lambert,* of Ft. Pierre, for Respondent.

PER CURIAM. The city of Ft. Pierre maintains a municipal system for the sale and distribution of natural gas to its inhabitants. A building in said city belonging to the Thomas Estate served by municipal gas was damaged by explosion of gas, and

plaintiff instituted this action against the city to recover the amount of such damage. Plaintiff prevailed below, was awarded a verdict of approximately $800, and, from judgment entered thereon and denial of its motion for new trial, defendant city appealed.

[■] The facts, though somewhat lengthy and complicated, are not seriously in dispute, and the ultimate question in the case is whether or not actionable wrong or negligence, properly chargeable to the city, is established. Two of the judges of this court believe the facts insufficient to make out liability, and therefore think the judgment and order appealed from ought to be reversed. A majority of the judges, however, believe the liability of the municipality sufficiently appears, and that the judgment ought to be affirmed, but they are not able to come to agreement as to what specific acts or omissions shown by the record constitute, as a matter of law, the particular actionable wrong or negligence whence the liability of the city arises. Under these circumstances, a majority failing to find prejudicial error, and believing the result arrived at correct, it is apparent that the judgment must be affirmed. It is equally apparent that it is impossible for any of the judges to write an opinion setting forth in detail his views of the law, and secure the concurrence of a majority therein save only as to the pronouncement of the affirmance.

■ Inasmuch as only such views as are shared by a majority of the judges can constitute the views of this court as a court, such opinion, if written, would establish no law, and would constitute no precedent beyond the mere result arrived at.

All the judges deem it proper, therefore, to hand down this opinion, announcing as the decision of the court that the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, J., dissenting.